**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: October 20 2009**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Case No. 09-33789 |
| | ) | Chapter 13 |
| Jennifer Anne Helberg | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |
| Debtor(s) | ) | |
| | ) | |

### ORDER

On August 21, 2009, KeyBank National Association filed a document called Precautionary Notice of Objection to Discharge of Student Loans and Notice of Intent to Proceed with Collection Following Discharge and Closure of This Bankruptcy Proceeding. [Doc. #12]. This document was brought to the judge's attention by a Deputy Clerk in connection with review of the case for entry of Debtor's discharge. Specifically, the judge was asked "What is this? Can they do this?" The court's answer to these questions are "I don't know" and, therefore, "No."

Certain types of student loans are excepted from discharge under 11 U.S.C. § 523(a)(8). This exception to discharge as to loans within the exception is self-executing in the absence of a determination of a court of competent jurisdiction that the debt would pose an undue hardship to the debtor. A proceeding to determine dischargeability of a debt in this court must be commenced by adversary proceeding, Fed. R. Bankr. P. 7001(6). However, there is no requirement in the Bankruptcy Code or Bankruptcy Rules that complaints to determine dischargeability of student loan

debts within the § 523(a)(8) exception be filed in the bankruptcy court, *cf* 11 U.S.C. § 523(c)(1), or even within any specified time frame, Fed. R. Bankr. P. 4007(b) and (c).

The document filed by KeyBank is not a Rule 7001 adversary complaint and does not purport to initiate a contested matter under Rule 9014. Indeed, its opening line is "The within filing is to provide notice to all pertinent parties only and is not asking for relief from the Court or a determination form the Court." It then sets forth KeyBank's apparent position that its loans to Debtor are within the scope of 11 U.S.C. § 523(a)(8) and includes statements about balances due and its intention to collect them. Given the foregoing procedural framework, the court finds that this sort of unilateral statement of position placed on the court docket is without any procedural basis and inappropriate in the absence of a specific request for declaratory or relief from the court.

The court hereby treats KeyBank National Association's Precautionary Notice of Objection to Discharge of Student Loans and Notice of Intent to Proceed with Collection Following Discharge and Closure of This Bankruptcy Proceeding [Doc. #12] as stricken from the court record in this case.

**IT IS SO ORDERED.**